**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>           Respondent/Plaintiff, ) <br>   vs. ) <br> ) <br> DONNIE BRYANT, ) <br> ) <br>           Petitioner/Defendant. ) <br> ) | Case No.: 2:06-cr-00234-GMN-GWF-1 <br><br> **ORDER** |

      Pending before the Court is Petitioner Donnie Bryant's ("Petitioner") *pro se* Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF No. 755). The Government filed a Response, (ECF No. 757), and Petitioner did not file a reply.

      Also pending before the Court is Petitioner's 2255 Motion, (ECF Nos. 759, 779). The Government filed a Response, (ECF No. 788), and Petitioner filed a Reply, (ECF No. 793).

      Also pending before the Court is Petitioner's Motion to Stay, (ECF No. 821). The Government filed a Response, (ECF No. 823), and Petitioner filed a Reply, (ECF No. 824).

      Also pending before the Court is the Motion to Withdraw as Counsel for Petitioner, (ECF No. 794), filed by Mario A. Valencia.

**I.    BACKGROUND**

      On February 28, 2006, Petitioner was convicted on several counts of Violent Crimes in Aid of Racketeering Activity ("VICAR"), including murder, and numerous weapons offenses under 18 U.S.C. § 924(c), for acts he committed as a juvenile. (Superseding Indictment, ECF No. 18). The sentencing court, acting pursuant to mandatory sentencing statutes, sentenced Petitioner to life imprisonment for the VICAR murder count (Count 1), plus an additional 50 years for the other offenses. (J., ECF No. 566).

Petitioner appealed, arguing that the evidence was insufficient to support his convictions under VICAR, and that several of his VICAR and § 924(c) convictions were multiplicitous and violated the Double Jeopardy clause. *See United States v. Bryant*, 357 Fed. App'x. 945, 947 (9th Cir. 2009). The Ninth Circuit affirmed in part, remanded with instructions to vacate in part, and dismissed in part.[1] *Id.* at 948. On remand, the parties filed a stipulation to dismiss certain counts. (*See* Order on Stipulation, ECF No. 616). On March 10, 2010, the court entered an amended judgment sentencing Petitioner to life imprisonment, plus an additional 40 years for the other offenses. (2010 Am. J., ECF No. 617).

Following the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which held that the Eighth Amendment prohibits a juvenile from being subjected to a mandatory sentence of life in prison without parole, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. (2013 Mot. to Vacate, ECF No. 655). In that motion, Petitioner also argued that his convictions should be vacated because the district court gave an erroneous jury instruction regarding VICAR's "purpose" element. The court granted Petitioner's motion for re-sentencing in the light of *Miller*, but denied Petitioner's motion to vacate the convictions. (Mins. of Proceedings, ECF No. 671); (Order, ECF No. 672). The court subsequently sentenced Petitioner to 40 years in prison for his VICAR murder conviction, for a total of 80 years for all of the counts of conviction. (2014 Am. J., ECF No. 694).

Petitioner timely filed an appeal regarding the denial of both his motion to vacate, and his amended sentence. In that appeal, Petitioner argued, *inter alia*, that the court failed in considering relevant sentencing factors under *Miller* and under § 3553(a), and that his sentence violated the Eight Amendment. *United States v. Bryant*, 609 F. App'x 925, 927–29 (9th Cir. 2015). On April 27, 2015, the Ninth Circuit issued its decision, rejecting each of Petitioner's

---

[1] The Ninth Circuit dismissed one of Petitioner's § 924 convictions, Count 36, explaining that, "[t]he jury . . . returned a guilty verdict under § 924(c) on count 36. This count incorporated by reference count 16, for which Bryant was never charged." *United States v. Bryant*, 357 F. App'x 945, 948 (9th Cir. 2009).

arguments and affirming the district court. *Id.* Additionally, the Ninth Circuit noted: "It appears that the district court actually misapplied [18 U.S.C. § 924(c)], which should have subjected Bryant to an additional 110 years in prison, rather than 40. Because the government did not appeal this issue during Bryant's first appeal, Bryant was able to retain the benefit of this miscalculation." *Id.* at 928 n.2.

On June 25, 2015, the U.S. Supreme Court announced its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court ruled that the "residual clause" of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.

Months later, in February 2016, Petitioner timely filed the instant *pro se* 2255 Motion ("*Pro se* 2255 Motion"), (ECF No. 755), arguing several grounds for relief, including Eight Amendment violations and ineffective assistance of counsel. (*Pro se* 2255 Mot. at 10–15, ECF No. 755). The Motion does not address the Supreme Court's decision in *Johnson*. The Government filed a Response, (ECF No. 757), requesting that the Court deny the Motion on procedural grounds and as lacking merit. Petitioner did not reply.

On April 27, 2016, pursuant to the District of Nevada's First Amended General Order 2015-03 ("Amended General Order"), the Office of the Federal Public Defender for the District of Nevada (the "FPD") was appointed to represent certain defendants identified by the U.S. Sentencing Commission for the limited purpose of determining whether the defendants might qualify for relief pursuant to 28 U.S.C. § 2255 in light of *Johnson*. Petitioner was included in the list. Additionally, the Amended General Order permitted the FPD to file an abridged § 2255 motion prior to June 26, 2016, in order to toll the applicable statute of limitations. In adherence with the Amended General Order, an abridged 2255 Motion, (ECF No. 759), was filed in the instant case on June 22, 2016. Shortly thereafter, the FPD withdrew from this

matter due to a conflict of interest. New counsel was appointed, and Petitioner timely filed the instant supplemental 2255 Motion. (Suppl. 2255 Mot. ("*Johnson* 2255 Mot."), ECF No. 779).

Subsequently, counsel for Petitioner, Mario A. Valencia, filed a Motion to Withdraw as Counsel, (ECF No. 794). Additionally, Petitioner filed a Motion to Stay, (ECF No. 821). This Order now follows.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f)(3). That one-year limitation begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III. DISCUSSION

### A. *Pro se* 2255 Motion, (ECF No. 755)

In his *Pro se* 2255 Motion, (ECF No. 755), Petitioner asserts five grounds for relief: (1) that the sentencing court abused its discretion in sentencing him without considering the mandatory sentencing factors under *Montgomery v. Louisiana*; (2) that his sentence violates the Eighth Amendment; (3) that his conviction and sentence for VICAR murder cannot stand because his prior VICAR murder adjudication was "expunged"; (4) that the Government was prohibited from charging him with VICAR murder because, at the time he committed that

offense, he was on "juvenile probation" for a previous VICAR murder; and (5) that his trial attorney was ineffective during plea negotiations. (*Pro se* 2255 Mot. at 10–16, ECF No. 755).

In its Response, (ECF No. 757), the Government contends that Petitioner's challenges to his sentence are barred by the successive claim rule because those challenges were raised in Petitioner's direct appeal and rejected by the Ninth Circuit. (*See* Resp. 9:18–10:19, ECF No. 757). The Government further argues that Petitioner procedurally defaulted on the rest of his claims because those should have been raised on direct appeal and Petitioner fails to demonstrate both cause and actual prejudice. (*Id.* 10:20–14:23). Regarding ineffective assistance of trial counsel, the Government contends that Petitioner offers nothing to support his claim and thus fails to make a threshold showing of either deficient performance or prejudice. (*Id.*). Petitioner did not reply to any of the Government's arguments.

### 1. *The successive claim rule*

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) (citing *United States v. Redd*, 759 F.2d 699, 700–01 (9th Cir. 1985)). Restating an issue by using different language does not make a previously considered claim reviewable. *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979).

Petitioner argues that the sentencing court failed to consider relevant sentencing factors under *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and that his sentence violates the Eight Amendment.[2] However, Petitioner has been given a full and fair opportunity to litigate these claims.

///

---

[2] In *Miller v. Alabama*, 567 U.S. 460 (2012), the Supreme Court concluded that mandatory life without parole sentences for those under age eighteen at the time of their crimes violate the Eighth Amendment. *Miller*, 567 U.S. at 465.

## Claim 1

On direct appeal, Petitioner argued that "the district court abused its discretion by failing to consider all of the factors of youth mentioned in [*Miller v. Alabama*, 567 U.S. 460 (2012)]." *United States v. Bryant*, 609 F. App'x 925, 927 (9th Cir. 2015). The Ninth Circuit rejected this argument stating that:

> The district court understood that it had discretion to depart from a life sentence and performed an individualized assessment of Bryant before sentencing him to 40 years for the murder charge and to a total of 80 years. The district court thoroughly considered the record and arguments, and it took into consideration "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison" when sentencing Bryant.

*Id.* (footnote omitted) (citations omitted).

While Petitioner's present claim refers to the U.S. Supreme Court's decision in *Montgomery*, that decision merely gave retroactive effect to *Miller*. *Montgomery*, 136 S. Ct. at 736. In other words, the Supreme Court held that *Miller* announced a substantive rule of constitutional law that is retroactive. *Id.* ("The Court now holds that Miller announced a substantive rule of constitutional law."). Because *Miller* has been retroactively applied to Petitioner's case, and as explained by the court of appeals, an individualized assessment of Petitioner was conducted during his re-sentencing in 2014, this claim is barred by the successive claim rule. The Court reminds Petitioner that restating an issue by using different language does not make a previously considered claim reviewable. *Currie*, 589 F.2d at 995.

## Claim 2

As for Petitioner's Eight Amendment claim, it too suffers from the same defect as Claim 1 because Petitioner raised this argument on direct appeal. In rejecting this claim, the Ninth Circuit found that

> Neither Bryant's sentence of 40 years for VICAR-murder nor the total sentence of 80 years for murder, conspiracy to commit murder, and numerous related assault and weapons offenses (committed while Bryant was on supervised release following a prior murder conviction) gives rise to "an inference of gross disproportionality." Bryant's sentence *does not violate the Eighth Amendment*.

*United States v. Bryant*, 609 F. App'x 925, 927 (9th Cir. 2015) (emphasis added) (citing *Ewing v. California*, 538 U.S. 11, 29–31 (2003); *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992)). Because Petitioner has previously raised both aforementioned claims on direct appeal, Petitioner is precluded from re-litigating these issues in a § 2255 motion. *See Hayes*, 231 F.3d at 1139. Accordingly, Petitioner's *Pro se* 2255 Motion is denied as to these grounds for relief.

### *2. The procedural default rule*

When a petitioner fails to raise a legal argument on direct appeal, the "procedural default" rule applies to bar collateral review under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The two noted exceptions to this rule are when a petitioner can show both cause and prejudice, or "actual innocence." *Id.*; *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

To demonstrate cause, a petitioner must show "that some objective factor external to the defense impeded [his] efforts to raise the [barred] claim. . . . Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991) (internal quotations omitted). To demonstrate prejudice, a defendant must show "a reasonably probability that his conviction or sentence would have been different." *United States v. Lopez*, 577 F.3d 1053, 1060 (9th Cir. 2009) (quoting *Stickler v. Green*, 527 U.S. 263, 296 (1999)). If the petitioner cannot demonstrate cause and prejudice, he must prove "actual innocence," meaning "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) ("A petitioner is actually innocent when he was convicted for conduct not prohibited by law.").

///

### *Claims 3 and 4*

Petitioner next argues that he could not be sentenced to 80 years' imprisonment "pursuant to [VICAR] murder due to the fact that [Petitioner's] juvenile records were deemed sealed; 'expunged' pursuant to the Federal Youth Corrections Act, [18 U.S.C. § 5011], which automatically set aside conviction [sic] if the offender was unconditionally discharged prior to the expiration of his sentence." (*Pro se* 2255 Mot. at 11). Petitioner provides no basis for this contention. While Petitioner relies on the federal Youth Corrections Act (YCA) to support his claim, Petitioner's reliance is misplaced. This is because the YCA was repealed in 1984, and Petitioner's first VICAR conviction took place in 2004. *See Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006) ("The Sentencing Reform Act of 1984, . . . repealed the YCA."). Indeed, the YCA was repealed before Petitioner was born. Moreover, Petitioner misstates his sentence for VICAR murder (Count 1). In 2014, Petitioner was re-sentenced to 40 years' imprisonment for that offense, not 80. (2014 Am. J., ECF No. 694).

Petitioner next claims "that based on his juvenile probation status at the time of his instant offense the Government was prohibited from charging [Petitioner] with the 'VICAR' Act." (*Pro se* 2255 Mot. at 13). To support this proposition, Petitioner cites the Supreme Court decision in *Tuten v. United States*, 460 U.S. 660 (1983). However, the issue addressed in *Tuten* was "whether a conviction upon which a youth offender was sentenced to probation under the *Federal Youth Corrections Act* of 1950, was automatically set aside after he served his full term of probation." *Tuten*, 460 U.S. at 661 (citation omitted) (emphasis added). For the same reasons described above, the CYA cannot form the basis for Petitioner's claim.

In sum, Petitioner failed to raise the foregoing arguments on direct appeal, and he has not demonstrated that the claims qualify under any exception to the procedural default rule. Petitioner has failed to show cause because he has not demonstrated that some objective factor external to the defense impeded his efforts to raise these claims. In addition, Petitioner has not

shown prejudice because he has not demonstrated a reasonable probability that his conviction or sentence would have been different. Moreover, Petitioner has failed to show, or even attempt to make a showing of "actual innocence." Thus, these claims are procedurally barred.

### *Claim 5*

In Petitioner's last claim he contends for the first time, that his trial attorney, Cheryl Field-Lang, provided ineffective assistance with respect to her advice regarding plea negotiations and trial strategy. (*See Pro se* 2255 Mot. at 14–15). More specifically, Petitioner states that Field-Lang advised him "that under 'no' circumstances should he take a plea offer . . . because the prosecutor could not prove the interstate commerce act[] which is the required element to indict [Petitioner] on the RICO 'VICAR' charge." (*Id.* at 14). Petitioner further alleges that Field-Lang advised Petitioner that "in the event the court severed [Petitioner's trial] from his co-defendant, there was no way the prosecutor could use [Petitioner's] co-defendant's post arrest statement at trial." (*Id.*).

To establish ineffective assistance of counsel, a petitioner must first show that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (citations omitted). Second, a petitioner must also show that he was prejudiced by that performance. *See id.* at 692. Under this standard, the question is whether "counsel's representation fell below an objective standard of reasonableness," and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (citations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Petitioner must

also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Here, Petitioner offers little factual basis to support his claim. Petitioner does not explain how his attorney's conduct fell outside an objective standard of representation; or attempt to establish a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. At best, Petitioner alleges that he would have accepted the prosecutor's plea offer not to seek the VICAR charge in exchange for his guilty plea. (*Pro se* 2255 Mot. at 14–15). But this is insufficient, "as a mere inaccurate prediction, standing alone, would not constitute ineffective assistance." *McMann v. Richardson*, 397 U.S. 759, 770 (1970). The Court further notes that Petitioner had an opportunity to counter the Government's arguments and provide further factual support for his claim by filing a reply, but Petitioner failed to do so. Accordingly, the Court cannot find ineffective assistance of counsel through the theories offered by Petitioner.

Because Petitioner's *Pro se* 2255 Motion fails to establish any grounds for relief, the Court **DENIES** the Motion, (ECF No. 755).

### B. *Johnson* 2255 Motion, (ECF Nos. 759, 779)

In his *Johnson* 2255 Motion, Petitioner challenges his sentence for Counts 6, 32, 33, and 34 of the Superseding Indictment which charge Use of a Firearm During and in Relation to a Crime of Violence. (*See Johnson* 2255 Mot. 10:23–24, 13:1–22:2, ECF No. 779). According to Petitioner, these convictions are based on an unconstitutionally vague provision of 18 U.S.C. § 924(c). (*Id.*).

Section 924(c) generally prohibits the use or carrying of a firearm in relation to a "crime of violence," and it imposes mandatory minimum sentences that must run consecutive to any other sentence. The statute defines "crime of violence" as

> an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B)

Page 10 of 15

> that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Courts generally refer to the '(A)' clause of section 924(c)(3) as the 'force clause' and to the '(B)' clause of section 924(c)(3) as the 'residual clause.'" *United States v. Bell*, 158 F. Supp. 3d 906, 910 (N.D. Cal. 2016). Subsequent to the filing of Petitioner's *Johnson* 2255 Motion, the residual clause, 18 U.S.C. § 924(c)(3)(B), was struck down as unconstitutionally vague by the U.S. Supreme Court in *United States v. Davis*, 139 S. Ct. 2319, 2335–36 (2019).[3]

Here, Petitioner maintains that his convictions for Counts 6, 32, 33, and 34, Use of a Firearm During and in Relation to a Crime of Violence, are each predicated on the unconstitutionally vague residual clause, 18 U.S.C. § 924(c)(3)(B). (*Johnson* 2255 Mot. at 16). As explained in Petitioner's Motion, the "crime of violence" underlying Count 6 is Conspiracy to Commit Murder, as charged in Count 4. Further, the "crime of violence" underlying Counts 32, 33, and 34 is Assault with a Dangerous (or Deadly) Weapon, as charged in Counts 22, 23, and 24, respectively. Thus, according to Petitioner, Conspiracy to Commit Murder and Assault with a Dangerous Weapon are not "crimes of violence" by their elements under the force clause, and therefore, his § 924(c) convictions must be based on the unconstitutional residual clause. (*See id.* at 15–16).

### 1. *Conspiracy to commit murder*

Petitioner was charged in Count 6 with Using a Firearm During and Relation to a "crime of violence," specifically conspiracy to murder Jarbirey Carter (Count 4). (Superseding Indictment at 6, ECF No. 18). The conspiracy, according to the Superseding Indictment, was in violation of NRS 199.4803 (setting forth penalties for conspiracy) and NRS 200.030 (defining

---

[3] Because *Davis* recognized the right Petitioner now seeks to assert, the Court finds that Petitioner's 2255 Motion is timely. Thus, the relief requested in Petitioner's Motion to Stay is not warranted. Accordingly, Petitioner's Motion to Stay, (ECF No. 821), is **DENIED as moot**.

first and second degree murder). (*See id.* at 5). But conspiracy, as defined by Nevada law, does not qualify as a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(A). To be sure, in Nevada the crime of conspiracy is "committed upon reaching the unlawful agreement," and nothing more needs to be proven. *Nunnery v. Eighth Judicial Dist. Court ex rel. Cty of Clark*, 186 P.3d 886, 888–89 (Nev. 2008); *see also* NRS 199.490 (providing that proof of an overt act is not necessary to show conspiracy). As such Nevada conspiracy does not have the use, attempted use, or threatened use of physical force as an element, thus it could only constitute a crime of violence under the residual clause. As discussed above, the Supreme Court in *Davis* expressly held that the residual clause, § 924(c)(3)(B), is unconstitutional, thus the Petitioner's conviction for Count 6 cannot stand.[4]

The Court accordingly **GRANTS** Petitioner's *Johnson* 2255 Motion as to Count 6. The Court will vacate Petitioner's conviction and sentence as to this Count.

### *2. Assault with a dangerous (or deadly) weapon*

Petitioner was charged in Counts 32, 33, and 34 with Using a Firearm During and Relation to a "crime of violence," specifically Assault with a Dangerous Weapon as to Jabirey Carter (Count 22), Kissie Allen (Count 23), and Phyllis Fairley (Count 24). (Superseding Indictment at 10–14). The underlying assaults, according to the Superseding Indictment, were in violation of NRS 200.471 (defining assault). Under Nevada law, the punishment for an assault is elevated if "the assault is made with the use of a deadly weapon, or [made with] the present ability to use a deadly weapon." *See* NRS 200.471(2)(b). Petitioner argues that this offense, as defined in Nevada, is not a "crime of violence" because the statute does not require that the deadly weapon be used: "The defendant need only have the ability to use it. As a

---

[4] The Government's Response does not dispute that conspiracy to commit murder is not a crime of violence under 18 U.S.C. § 924(c).

consequence, even if a person is punished under part (2)(b) of [the] statute, it does not show that there was the use, attempted use, of threatened use of force." (*Johnson* 2255 Mot. at 21).

In *Camacho-Cruz v. Holder*, 621 F.3d 941 (9th Cir. 2010), the Ninth Circuit explained:

> Assault with a deadly weapon under **[NRS] 200.471** *necessarily* entails the threatened use of force against the person of another. Because the defendant must create a reasonable fear of harm in the victim and because that fear is accomplished by means of a deadly weapon, the crime, by its nature, involves a substantial risk of force. Therefore, Petitioner's conviction constitutes a crime of violence.

*Camacho-Cruz v. Holder*, 621 F.3d at 943 (citation omitted) (emphasis added) (finding Nevada's assault with a deadly weapon is a "crime of violence" in the context of 18 U.S.C. § 16). *Camacho-Cruz* made clear that one need not actually harm someone with a deadly weapon in order for there to be violent, physical force:

> [T]he defendant, by using a deadly weapon, intentionally creates in another person a reasonable fear of immediate bodily harm. Contrary to Petitioner's assertions, whether the defendant actually intends to harm the victim or whether any harm does, in fact, result is irrelevant. Section 16(a) does not require an actual application of force or an injury to the victim. Rather, the threatened use of force is sufficient for a crime to constitute a crime of violence.

*Id.*

Following *Camacho-Cruz*, as it must, the Court finds that Nevada's Assault with a Deadly Weapon fits the definition of "crime of violence" in § 924(c)(3)(B). As such, the convictions and sentences imposed for Counts 32, 33, and 34, Using a Firearm During and in Relation to a Crime of Violence in violation 18 U.S.C. § 924(c), do not violate due process. Petitioner's Motion, (ECF No. 779), is **DENIED** as to Counts 32, 33, and 34.

### C. Certificate of Appealability

As discussed above, the Court will vacate Petitioner's conviction for Count 6 and its accompanying sentence. To the extent that Petitioner seeks to appeal other determinations made herein, the Court will not issue a certificate of appealability, which is required for

Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). This means that Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). He bears the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 483–84.

The Court has considered the issues raised in Petitioner's Motions, (ECF Nos. 755, 759, 779), with respect to whether they satisfy the standard for issuance of a certificate of appealability. The Court determines that the issues do not meet that standard, and therefore **DENIES** Petitioner a certificate of appealability.

### IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Petitioner's *Pro se* 2255 Motion, (ECF No. 755), is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's *Johnson* 2255 Motion, (ECF Nos. 759, 779) is **GRANTED in part and DENIED in part**. The Motion is denied with respect to Counts 32, 33, and 34. However, the Motion is granted as to Petitioner's request to vacate his conviction and sentence in Count 6. The Court **VACATES** Petitioner's conviction of Count 6, and his sentence of 10 years as to the same. The **CLERK OF COURT** is directed to enter an **AMENDED JUDGMENT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay, (ECF No. 821), is **DENIED as moot**.

///

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that good cause appearing, the Motion to Withdraw as Counsel filed by Mario D. Valencia, (ECF No. 794), is **GRANTED**.

**DATED** this __29__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court